By the Court, Jones, J.
The appellant’s counsel Concedes that if the answer given by Warner to the question propounded to him respecting his usual medical attendant be untrue, then the plaintiff”cannot recover. But he insists—
1st. That there is not sufficient evidence to support a verdict against the truth of the answer.
2d. That the evidence is of such a character that a verdict of the jury either way would be sustained; and therefore the question of fact as to the truth or falsity of the answer should have been submitted to the jury for its determination.
If he is correct in either of these propositions the judgment must be reversed; otherwise affirmed. Whether the answer be true or not is a question of fact to be determined in the same manner, and upon the same principles, as any other question of fact. The evidence in the case, keeping *459 out of view for the present the testimony of Hogel, clearly establishes that at the time the answer was given, Dr. Bur-dick was the usual medical attendant of Warner.
The evidence shows that on the few occasions on which Warner was indisposed, during the period extending from some time in 1868 down to Hovember 10, 1866, Dr. Bur-dick, and he alone, was called in. This certainly constitutes him the usual medical attendant, within the ordinary and popular acceptation of the term.
. It is suggested that if, on the 13th of August, 1866, Warner had discharged Burdick, then Burdick would not, at the time of the answer to the query, have been his usual medical attendant. Conceding this to be so, and also conceding that the answer given would, under such circumstances, have satisfied the query, (on which no opinion is intimated,) still it is necessary to establish such discharge; for it is a principle of evidence, founded upon the ordinary experience óf mankind, that a fact continuous in its nature, when shown to have once existed, is presumed to exist, within reasonable limits, until it is affirmatively shown to have ceased. (1 Stark. on Ev. 54. McMahon v. Sarrison, 6 N. Y.Rep. 443.) The fact of the usual employment of a physician is continuous in its nature, and the presumption that it continued for the space of two months subsequent to the last employment, does not extend beyond reasonable limits.
Aside from the testimony of Hogel, there is not the slightest evidence that Burdick was discharged, or that Warner changed his medical attendant prior to Hovember 11, 1866. The answer to the query is no evidence in support of either of these facts, for that would be to make the answer, the truth of which is in controversy, evidence of its own verity; besides, Warner in the first illness with which he was attacked subsequent to the last attendance of Burdick, in August, 1866, first called in Burdick, and this was after his answer to the query; thus showing that he had not at that time definitely made up his mind to discharge Burdick and employ any other physician, This *460 evidence, then, standing by itself, would imperatively call for a verdict against the truth of the- answer. If, then, there is no competent evidence in support of its truth, the direction to the jury was correct.
The evidence relied on is that of Hogel, but I think it wrholIy insufficient to call for a submission of the case to the jury. It is true, on his direct examination, he swears positively to the bald fact that Warner had no regular medical attendant in September, 1866; but on his cross-examination it appears that his only knowledge on the subject was his hearing Warner say that he had changed his physician after his August sickness. The effect of the direct and cross-examination is simply to prove that Warner made a certain statement, which statement is in this case incompetent evidence to prove the truth of the fact so stated.
It, however, is suggested that the defendant, having, on Ms cross-examination, called out evidence as to Warner's declaration, has made it evidence against itself, and is bound thereby. I do not so understand the rules of evidence. It would be strange if when a witness on his direct examination testifies to a fact, the opposite party should be allowed to prove by cross-examination of said witness that he is an incompetent witness to the fact only under the penalty of making the very answers of the witness which prove his incompetency, competent evidence to prove the fact testified to by the incompetent witness on his direct examination, although they would otherwise be incompetent.
The only remaining portion of Hogel’s testimony bearing on the subject is his answer to the question, “Did you ever hear him (Warner) speak of changing Dr. Burdick ?” This question is inadmissible, and the evidence given in answer to it incompetent; yet as it was not objected to, it is probable that the court would not, on the mere ground of its incompetency, have set aside a verdict for the plaintiff, even' though that verdict was found entirely on this evidence." (2 Grah. on New Trials, 655 to 664.)
This doctrine is based on the principle that a party can *461 not take advantage of Ms own negligence in permitting improper or incompetent evidence to be adduced to reverse a judgment rendered against him, thereon. The doctrine has always been applied in favor of sustaining a judgment; but in no case that I am aware of has it been applied to reverse a judgment on the ground that such improper or incompetent testimony established or tended to establish a fact fatal to the judgment. ■ I know of no rule which requires a judge to submit to the jury a question of fact on which there is no conflict of testimony, except such as arises out of incompetent or improper testimony.
What would be the result of reversing this judgment and ordering a new trial? Nothing wonld be gained by the plaintiff'. On such new trial the testimony of Hogel would be objected to and excluded, and then, upon the principles indicated in this opinion, the judge, on the other testimony abové referred to, would be obliged again to direct a verdict for the defendant.
The fact that Dr. Stirling was called in on November 11, 1866, has not been overlooked. It perhaps is scarcely necessary to observe that that fact, by itself, does not tend to prove that Dr. Burdick was not, up to that time, the usual medical attendant of Warner.
I see no conflict of testimony requiring the submission to the jury of the question of fact which he was required to submit.
Judgment affirmed, with costs.